UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 10-74187

THOMAS F. MURPHY,                                   Chapter 7

        Debtor.                                     Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S CONTEMPT MOTION**

**A. Introduction**

This case came before the Court for hearing on January 19, 2011 and on March 30, 2011 on a motion filed by Debtor entitled "Motion for Order for Contempt, Damages and Attorney Fees for Willful Violation of the Automatic Stay and Creditor Misconduct" (Docket # 18, the "Motion"). At both the January 19 and March 30 hearings, the Court made certain findings, conclusions, and rulings regarding the Motion, all of which the Court now incorporates by reference into this opinion. At the conclusion of the March 30 hearing, the Court took the Motion under advisement.

One of the issues to be decided concerns the Bankruptcy Code's definition of "domestic support obligation." That definition requires, among other things, that in order for a debt to be a "domestic support obligation," the debt must be "owed to or recoverable by — (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit." 11 U.S.C. § 101(14A)(A). In this case, the Debtor, Thomas Murphy, argues that the debt in question does not meet this requirement, and therefore is not a domestic support obligation. The creditor, Dayna Milbrand, argues the opposite.

B. Facts

The facts relevant to this issue are undisputed. The debt in question arises from the Consent Judgment of Divorce that was entered by the Macomb County Circuit Court on April 9, 2009 (the "Judgment").[1] The Judgment divorced the Debtor from Stacey Murphy. It contained numerous provisions, including a provision requiring Debtor to pay attorney fees to Dayna Milbrand in the amount of $2,500.00. Ms. Milbrand was Stacey Murphy's attorney in the divorce case. The provision in question states:

**ATTORNEY FEES**

> IT IS FURTHER ORDERED AND ADJUDGED that [Thomas Murphy] shall pay attorney fees to Dayna Milbrand in the amount of $2,500.00, by cashing in one of his 401(K) related assets to make said payment, within sixty (60) days from the entry of this Judgment of Divorce. Upon failure to pay said sum then such amount can be collected through all collection remedies available at law, as if these funds were a Judgment.
>
> IT IS FURTHER ORDERED AND ADJUDGED that each party shall pay their own attorney fees and costs associated with this divorce action.[2]

The Judgment also contains a section labeled "Non-Dischargeability," which states:

**NON-DISCHARGEABILITY**

> IT IS FURTHER ORDERED AND ADJUDGED that [Stacey Murphy and Thomas Murphy] acknowledge that by assuming their individual share of the marital debts that they have under this property settlement, they have assumed all domestic obligations which are not dischargeable under the Bankruptcy Code 11 USC 1328(B)(5). In the event either party discharges or attempts to discharge in bankruptcy any debt for which any creditor then seeks

---

[1] Docket # 21, Exhibit A.

[2] *Id.* at 13-14.

> to sue or compel payment or receives judgment against for the discharged debt from the non-bankrupt party, **then the bankrupt party shall indemnify the other party in full for any liability incurred**.[3]

When the Judgment was entered, Dayna Milbrand gave her client, Stacey Murphy, a credit on her attorney fee bill for the $2,500.00 that Debtor was required to pay to Ms. Milbrand.

Debtor did not pay the $2,500.00 attorney fee debt to Dayna Milbrand. Nor did he reimburse Stacey Murphy in any amount for these attorney fees.

Stacey Murphy filed her own Chapter 7 bankruptcy case in this Court, on June 2, 2010 (Case No. 10-58179). The parties agree that the discharge that Stacey Murphy received in that case, on September 14, 2010,[4] discharged any debt that Stacey Murphy may have had for attorney fees to Dayna Milbrand.

Debtor filed a voluntary Chapter 7 bankruptcy petition on November 9, 2010, commencing this case. Dayna Milbrand then filed a motion in the Macomb County Circuit Court, on December 6, 2010, seeking to enforce Debtor's obligation to pay her the $2,500.00 attorney fees.[5] Ms. Milbrand filed her motion in state court without seeking or obtaining relief from the automatic stay in this Court. Debtor's present Motion followed.

**C. Discussion**

After considering the arguments of the parties and surveying the case law on the issue, the Court concludes that the Debtor's obligation under the Judgment to pay $2,500.00 in attorney

---

[3] *Id.* at 14 (emphasis added).

[4] *See* Discharge Order, Docket # 18, in Case No. 10-58179.

[5] Docket # 21, Exhibit B.

3

fees to Dayna Milbrand cannot be deemed a "domestic support obligation," because it is not a debt "owed to or recoverable by — (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit." 11 U.S.C. § 101(14A)(A).  The debt in question is owed to Dayna Milbrand, and she is not one the entities listed in this statute.  The debt is not "owed to or recoverable by" Debtor's "former spouse," Stacey Murphy, because Stacey Murphy is not liable to Dayna Milbrand for the $2,500.00 in attorney fees in question, and cannot possibly ever become liable for such fees, in the event the Debtor Thomas Murphy fails to pay them.  As Ms. Milbrand correctly acknowledges, the discharge that Stacey Murphy received in her bankruptcy case on September 14, 2010 discharged any debt that Stacey Murphy may have had for attorney fees to Dayna Milbrand.  Thus, from well before the date on which the Debtor Thomas Murphy filed this bankruptcy case, the "former spouse," Stacey Murphy, could not held liable or otherwise be adversely affected if the Debtor failed to pay Ms. Milbrand the $2,500.00 in fees.  And the indemnification clause in the Judgment, quoted above, could not apply to give Stacey Murphy a right to any relief against the Debtor Thomas Murphy, because Stacey Murphy cannot possibly "incur" any "liability" for Ms. Milbrand's fees, due to Ms. Murphy's bankruptcy discharge.

In this situation, the debt in question cannot be deemed to be "owed to or recoverable by" the former spouse Stacey Murphy, within the meaning of the § 101(14A)(A) definition of "domestic support obligation," because Stacey Murphy is not liable, and can never be liable, for the attorney fees in question.  This Court agrees with what the court in *Kassicieh v. Battisti* (*In Kassicieh*), 425 B.R. 467, 477-81 (Bankr. S.D. Ohio 2010) called the "third line of authority" on this question.  Under that view of § 101(14A)(A), and its predecessor, the pre-2005 version of 11

4

U.S.C. § 523(a)(5),

> The debt must be in the nature of support, but also must be a debt to the former spouse or child. *This ''debt to'' element can be satisfied when the obligation is payable directly to a third party,* typically a professional who provided services to benefit the wife or child, *but only if the former spouse is also obligated for the fees.*

425 B.R. at 478 (emphasis added by the *Kassicieh* court)(quoting *Simon, Schindler & Sandberg, LLP v. Gentilini* (*In re Gentilini*), 365 B.R. 251, 256 (Bankr. S.D. Fla. 2007). *See also In re Johnson*, 397 B.R. 289, 296 (Bankr. M.D.N.C. 2008).

It follows that the Debtor's debt under the Judgment — his obligation to pay $2,500.00 in attorney fees to Dayna Milbrand — is not a "domestic support obligation." As a result, the Court must reject Ms. Milbrand's argument that 11 U.S.C. § 362(b)(2)(B) applies to her action in filing her state court motion against Debtor.

The Court also must reject Ms. Milbrand's argument that her state court motion is covered by 11 U.S.C. § 362(b)(3). Ms. Milbrand's filing of her state court motion was not an "act to perfect, or to maintain or continue the perfection of, an interest in property . . ." within the meaning of § 362(b)(3). Ms. Milbrand had no "interest in [any] property" of the Debtor, Thomas Murphy before Mr. Murphy filed bankruptcy or when Ms. Milbrand filed her state court motion.

**D. Conclusion**

Based on the foregoing, and based on the other findings, conclusions, and rulings that the Court made during the January 19 and March 30 hearings on the Motion, the Court finds and concludes that Dayna Milbrand willfully violated the automatic stay when she filed her state court motion on December 6, 2010 and pursued that motion. Ms. Milbrand was aware of Debtor Thomas Murphy's bankruptcy case when she filed her state court motion, and the filing and

prosecution of that motion violated the automatic stay under 11 U.S.C. § 362(a)(1), (a)(2), and (a)(6). Debtor is entitled to appropriate relief under 11 U.S.C. § 362(k)(1).

The Court will enter an order for further, appropriate proceedings on Debtor's Motion.

**Signed on April 5, 2011**                                  /s/ Thomas J. Tucker
                                                             **Thomas J. Tucker**
                                                             **United States Bankruptcy Judge**