UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 10-74187

THOMAS F. MURPHY,                                         Chapter 7

        Debtor.                                     Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S DAMAGES FOR
DAYNA MILBRAND'S WILFUL VIOLATIONS OF THE AUTOMATIC STAY**

This case came before the Court for hearings on January 19, 2011 and on March 30, 2011 on a motion filed by Debtor entitled "Motion for Order for Contempt, Damages and Attorney Fees for Willful Violation of the Automatic Stay and Creditor Misconduct" (Docket # 18, the "Motion"). At both of the hearings, the Court made certain findings, conclusions, and rulings regarding the Motion. On April 5, 2011, the Court issued a written opinion and an order, determining that Dayna Milbrand wilfully violated the automatic stay, and that Debtor is entitled to an award of any damages he suffered because of the stay violation, under 11 U.S.C. § 362(k)(1).[1] In the April 5 Order, the Court required Debtor to file "a written itemization of all 'actual damages, including costs and attorney fees,' that Debtor claims to have suffered/incurred, due to Dayna Milbrand's wilful violation of the automatic stay."[2]

Debtor filed his damages itemization on April 15, 2011 (the "Damages Itemization" or "Itemization"), and Milbrand timely filed her objections to the Itemization on May 3, 2011.[3]

The Court has reviewed these papers, and concludes that a further hearing is not

---

[1] Docket ## 42, 43.

[2] Docket # 43.

[3] Docket ## 44, 49.

necessary. For the reasons stated in this opinion, the Court will enter a judgment in favor of Debtor and against Milbrand in the amount of $750.00, under 11 U.S.C. § 362(k)(1), for Milbrand's wilful violation of the automatic stay.

Debtor's Damages Itemization is limited to attorney fees, which Debtor apparently claims he incurred because of Milbrand's stay violations. The fees are summarized and then itemized in Exhibits 1 and 2 to the Itemization. The fees are based on the time spent by Debtor's two attorneys, Kevin Carr and Katherine Carr, and their legal assistants, doing specified work, at stated hourly rates for each person. According to Debtor, the fees total $5,051.50, and Debtor seeks a damages award against Milbrand in this amount. Milbrand makes several objections, and asks the Court to award no fees, or in the alternative, to limit the award to $500.00.

The Court's findings and conclusions are as follows.

First, the time itemized in the Itemization does not total $5,051.50, as the total at the end of the Itemization indicates. Rather, it totals $4,781.50.[4]

Second, the Court agrees with some, but not all, of Milbrand's arguments that certain of the time entries represent non-compensable time, because (1) the work was clerical in nature, and therefore should be viewed as part of non-compensable overhead, rather than as compensable attorney time on an hourly-rate basis;[5] (2) the work was not sufficiently related to Milbrand's automatic stay violations, but rather relates to Milbrand's motion to dismiss this case.[6]

---

[4] *See* the spreadsheet appended to this opinion, which was prepared by the Court.

[5] The Court agrees with this objection by Milbrand only with respect to the March 1, 2011 time entry, of .2 hours at $150.00 per hour, for a total amount of $30.00. The Court finds that the other time entries identified by Milbrand do not involve clerical work.

[6] The Court agrees with this objection by Milbrand only with respect to the December 22, 2010 time entry, of .5 hours at $250.00 per hour, for a total of $125.00. The Court finds that the other time

2

Third, the Court disagrees with Milbrand's objection that the stated hourly rates in the Itemization are not reasonable; the Court finds that they are reasonable.

Fourth, the Court concludes that in the end, the foregoing three points are of only limited importance, because Debtor's actual attorney fees incurred are capped at a much lower amount by the Debtor's fee agreement with his attorneys.

That fee agreement is shown in the two Rule 2016(b) statements filed in this case, on November 9, 2010 (Docket # 1) and on November 10, 2010 (Docket # 10). The first of these, filed with Debtor's bankruptcy petition on November 9, 2010, covers only work not relevant here. Only the second Rule 2016(b) statement, filed on November 10, 2010, is relevant to the post-petition work by Debtor's counsel that is both (1) included in the Itemization; and (2) related to Milbrand's stay violations.

With one exception not applicable here, the fee agreement between Debtor and his counsel is not based in any part on an hourly-rate formula.[7] Nor does the agreement state any hourly rate. Rather, it is a flat fee agreement.

Paragraph 2 of the second Rule 2016(b) statement says that the "Estimated Flat Fee" for "legal services as set forth in paragraph 4 below" is $700.00. But Paragraph 4 says that "the above-disclosed fee does not include the following services," then lists several types of services, and a separate flat fee for each such service, in subparts (A) through (H).

Thus, Paragraphs 2 and 4 are inconsistent with each other, to the extent that Paragraph 2

---

entries identified by Milbrand were sufficiently related to Milbrand's stay violations.

[7] The one exception is that unspecified "hourly rates will apply" to work done in representing Debtor in adversary proceedings. Docket # 10 at ¶ 4(G).

3

10-74187-tjt    Doc 50    Filed 06/03/11    Entered 06/03/11 13:52:23    Page 3 of 8

says that the $700.00 disclosed fee *is* for work described in Paragraph 4, while Paragraph 4 says that this $700.00 disclosed fee "does not include" the services listed in Paragraph 4.

Paragraph 3 says that "[i]n return for the above disclosed fee [*i.e.*, the $700.00 "Estimated Flat Fee" in Paragraph 2], Debtor's counsel has agreed to render certain types of services, listed in subparts A through D of Paragraph 3. But clearly, none of those types of services are the type of work Debtor's attorneys did because of Milbrand's stay violations.

Two of the types of work listed in Paragraph 4, however, are work of the type that was actually done, and in the Court's view, reasonably done, by Debtor's counsel because of Milbrand's stay violations. These types of work are:

> E. Filing Motions or responses to Motions (additional $250.00)
>
> F. Attending any Court hearings after the original meeting of creditors (additional $250.00)[8]

Clearly, none of the other types of work listed in Paragraph 4 is work of the type done by Debtor's counsel because of Milbrand's stay violations.

The Court interprets the fee agreement, as evidenced by the second Rule 2016(b) statement (Docket # 10), especially Paragraphs 4(E) and 4(F), to mean that for all the work itemized in Debtor's Damages Itemization, Debtor actually incurred attorney fees because of Milbrand's stay violations, calculated as (and limited to) the following amounts:

- Filed one motion (the December 10, 2010 motion for contempt, etc., at Docket # 18): **$250.00**

- Attended two Court hearings (the January 19, 2011 and March 30, 2011 hearings on the December 10 Motion): **$250.00 x 2 = $500.00**

---

[8] Docket # 10.

These fees total $750.00. The Court finds that these fees are not excessive or unreasonably high. In this sense, and from the perspective of the Debtor and Milbrand, they are reasonable.

As described above, however, Paragraphs 2 and 4 of the second Rule 2016(b) statement are, in one way, inconsistent with each other. The Court must resolve this inconsistency, as between the Debtor and his attorneys (who obviously drafted this agreement,) in favor of the Debtor, by finding that Paragraph 2 *does* apply to work of the type described in Paragraph 4. This does not mean, however, that fees are capped at the $700.00 amount listed in Paragraph 2. This is because Paragraph 2 lists the $700.00 only as an "**Estimated** Flat Fee" (emphasis added,) clearly implying that it could go higher, under the terms of Paragraph 4. Thus, the $750.00 fee discussed above, which is based on the terms of Paragraph 4, is *not* capped at $700.00 by Paragraph 2.

Based on the record before the Court, the Court finds that Debtor did not incur any attorney fees greater than the foregoing $750.00 amount because of Milbrand's stay violations. As the Court interprets the fee agreement between Debtor and his counsel in this case, even though Debtor's counsel may have done work that might otherwise justify a fee higher than $750.00, as evidenced by the Itemization, Debtor is not liable for such a higher fee. A higher fee, then, is not part of any "actual damages" that Debtor suffered because of Milbrand's violations of the automatic stay, within the meaning of § 362(k)(1).

The Court does not need to calculate a reduction from the $5,051.50 fee in Debtor's Itemization (which actually totals $4,781.50, as noted above,) by the particular items of work that the Court has found to be clerical or unrelated. This is because such reductions only total $155.00, and would only lower the $4,781.50 fee amount to $4,626.50, an amount far higher than

5

the capped flat fee of $750.00.  *See* footnotes 5 and 6 above.

The Court rejects Milbrand's argument that the attorney fees claimed are excessive because Debtor did not properly attempt to mitigate his damages from Milbrand's automatic stay violations.  To the contrary, the record shows that before filing the December 10, 2010 Motion, Debtor's counsel called Milbrand twice, asking her to withdraw her state court motion and thereby undo and cease her violative conduct, and Milbrand refused.[9]  And after Debtor filed the December 10 Motion, Milbrand did not promptly withdraw her violative state court motion, but rather fought Debtor's Motion vigorously in this Court.  Debtor was not required to do more than he did, through his counsel, in order to try to mitigate his damages.

The Court also rejects Milbrand's argument that no attorney fees can be awarded under 11 U.S.C. § 362(k)(1), for Milbrand's wilful stay violation, because Debtor has not claimed or shown any damages *other than* attorney fees.  The case law cited by Milbrand does not support this argument, and the Court rejects it.  There is no requirement in § 362(k)(1) that damages other than attorney fees must be awarded in order to award attorney fees.  And in fact, attorney fees are unambiguously characterized by that statute as an example of *damages* that may be awarded for a wilful stay violation. And at least one of the cases cited by Milbrand affirmed a bankruptcy court's award of damages for a wilful stay violation that included *only* attorney fees.  *See TranSouth Fin. Corp. v. Sharon* (*In re Sharon*), 234 B.R. 676, 688 (B.A.P. 6th Cir. 1999).

To the extent Milbrand's response to the Itemization argues, in effect, that no violation of the automatic stay occurred, the Court rejects such arguments as without merit.  The Court

---

[9]  *See* Motion, Docket # 18 at ¶¶ 10, 11; *see also* Itemization at Docket # 44, December 8 and 9, 2010 time entries.

adheres to its April 5, 2011 opinion and order finding that Milbrand did indeed wilfully violate the automatic stay.[10]

The Court has considered all of the other arguments and objections by Milbrand, and finds them to be without merit.

For these reasons, the Court will enter a judgment in favor of Debtor and against Milbrand in the amount of $750.00, under 11 U.S.C. § 362(k)(1), for Milbrand's wilful violations of the automatic stay.

**Signed on June 3, 2011**  /s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[10] Docket ## 42, 43.

## MURPHY
Appendix to Opinion

Case No. 10-74187

**Fee recap re Docket # 44**

| NAME | CODE | HRLY RATE | Subtotals |
|---|---|---|---|
| Kevin Carr | 1 | 250.00 | |
| Katherine Carr | 2 | 150.00 | |
| Lori Ohnui | 3 | 75.00 | |
| Cheryl Fogg | 4 | 85.00 | |
| No Charge | 0 | | |

| Date | Hours | Code | Hrly Rate | Subtotal |
|---|---|---|---|---|
| 12/2/2010 | 0.1 | 1 | 250.00 | 25.00 |
| 12/8/2010 | 0.1 | 1 | 250.00 | 25.00 |
| 12/9/2010 | 0.2 | 1 | 250.00 | 50.00 |
| 12/9/2010 | 1.5 | 1 | 250.00 | 375.00 |
| 12/9/2010 | 0.1 | 4 | 85.00 | 8.50 |
| 12/10/2010 | 0.3 | 4 | 85.00 | 25.50 |
| 12/13/2010 | 1 | 1 | 250.00 | 250.00 |
| 12/13/2010 | 0.1 | 1 | 250.00 | 25.00 |
| 12/13/2010 | 0.25 | 1 | 250.00 | 62.50 |
| 12/15/2010 | 0.5 | 1 | 250.00 | 125.00 |
| 12/15/2010 | 0.5 | 1 | 250.00 | 125.00 |
| 12/15/2010 | 0.1 | 1 | 250.00 | 25.00 |
| 12/21/2010 | 0.1 | 0 | 0.00 | 0.00 |
| 12/21/2010 | 0.5 | 1 | 250.00 | 125.00 |
| 12/22/2010 | 0.5 | 1 | 250.00 | 125.00 |
| 12/31/2010 | 3 | 2 | 150.00 | 450.00 |
| 1/3/2011 | 1 | 1 | 250.00 | 250.00 |
| 1/5/2011 | 1 | 2 | 150.00 | 150.00 |
| 1/6/2011 | 2 | 2 | 150.00 | 300.00 |
| 1/6/2011 | 0.1 | 1 | 250.00 | 25.00 |
| 1/17/2011 | 3 | 2 | 150.00 | 450.00 |
| 1/19/2011 | 2 | 2 | 150.00 | 300.00 |
| 1/19/2011 | 1.5 | 2 | 150.00 | 225.00 |
| 1/19/2011 | 0.25 | 2 | 150.00 | 37.50 |
| 2/7/2011 | 0.25 | 2 | 150.00 | 37.50 |
| 2/8/2011 | 0.25 | 2 | 150.00 | 37.50 |
| 2/9/2011 | 1 | 2 | 150.00 | 150.00 |
| 2/10/2011 | 0.75 | 2 | 150.00 | 112.50 |
| 2/16/2011 | 3.5 | 2 | 150.00 | 525.00 |
| 2/16/2011 | 0.25 | 2 | 150.00 | 37.50 |
| 2/17/2011 | 0.25 | 2 | 150.00 | 37.50 |
| 2/30/2011 | 0.2 | 2 | 150.00 | 30.00 |
| 3/1/2011 | 0.2 | 2 | 150.00 | 30.00 |
| 3/30/2011 | 1.5 | 2 | 150.00 | 225.00 |
| **TOTAL** | **27.85** | | | **4,781.50** |